BRANNIN *vs.* BRANNIN.

1. The statute of frauds is not a good defence in the case of a resulting trust arising by implication of law, or of actual fraud.

2. When a defendant in execution, or the heirs of a decedent, rely on the promise of some one to buy the property for their benefit at the sale under the execution, and in consequence neglect to attend the sale, or bid for the property, and the person trusted buys for his own benefit, a court of equity will hold such purchaser a trustee, notwithstanding the statute of frauds.

3. The application of the principle cannot be invoked in this case.

---

*Mr. R. S. Green* and *Mr. Williamson,* for complainants.

*Mr. W. J. Magie,* for defendant.

*Rev.,* p. 1236, sec. 6.

Brannin *v.* Brannin.

THE CHANCELLOR.

The complainants in this suit are Eliza Brannin, widow of Patrick Brannin, deceased, and James Brannin, the infant son and only heir of Patrick. The defendant is Thomas Brannin, a brother of Patrick. The real estate of Patrick Brannin, who died in the year 1857, situate in the city of Elizabeth, was sold on the eighteenth of August, 1857, by his administrator, James Hughes, to the defendant, under a decree of the Orphans Court, for the payment of the debts of the deceased. The complainants allege in their bill, that the sale was made to him in trust for them; that the whole proceedings were got up under an agreement between him and the complainant, Eliza, that this course should be taken so that the title might be vested in him for the benefit of herself and son, and that the defendant never paid any money for the property. And they allege that, in consequence of this understanding, the property was struck off to him at a price much below its real value; that it was struck off for fifteen hundred dollars, when it was really worth over two thousand dollars.

The defendant, in his answer, fully denies that there was any such agreement or understanding as that alleged; and says that the property was sold at its full, fair value, and that he paid the full amount of the purchase money to the administrator, James Hughes, and states fully how it was paid; part being paid by assuming and paying a mortgage then on the property, part by paying by his notes the cash debts of the deceased, and the residue by giving to the administrator a bond secured by mortgage on the property. He sets up as a defence the statute of frauds, which enacts that no trust shall be created except by writing.

The bill charges that two of the debts for which the land was ordered to be sold were fictitious debts, got up for the purpose of transferring the title to the defendant; one a debt of three hundred dollars to the defendant, and the other a debt of one hundred dollars to his brother, Owen Brannin.

The answer states that these were not fictitious debts, but were really owing to both, for work and money lent by them to the intestate, and were acknowledged by him.

The statute of frauds set up is a good defence, except in two cases; one of a resulting trust arising by implication of law, which this clearly is not, and the other in case of actual fraud. And the case, where a defendant in execution, or the heirs of a decedent, rely on the promise of some one to buy the property for their benefit, and, in consequence, neglect to attend the sale, or bid for the property, and the person trusted buys for his own benefit, is such a case of fraud that a court of equity will hold such purchaser a trustee, notwithstanding the statute of frauds.

In this case, any agreement to purchase for the benefit of, or as trustee for the complainants, is denied by the answer, and is not proved by any witness. The testimony of the complainant, Eliza Brannin, does not prove any definite or positive agreement that would make the purchase by defendant for his own use a fraud. Her testimony shows that, according to her understanding, he was to hold the title, that she could have a home for herself and children, and when in better times it could be sold for its value, they would among them have the benefit of the proceeds. She was not prevented from buying; she did not intend to buy; she had no means. There is no other evidence to overcome the positive responsive denial of the answer, that there was no agreement or understanding that defendant should buy for the use of the complainants, or in trust for them.

There is no actual or constructive fraud proved in the sale by any of the evidence. The weight of the evidence is that the property brought its full value. And this is a complete answer to the charge that defendant procured Hughes to administer that he might get the property by fraud; and to the charge of keeping purchasers from the sale. His course of proceeding was advised by respectable counsel, and if carried out without actual fraud, was prudent and unobjectionable. If these debts of the intestate were owing, they were

paid without sacrifice of the property, and with no unnecessary expense. That the defendant got the creditors to take his notes for their debts was no injury to any one, and is surely no fraud upon the complainants. The fact that neither the deed of the administrator, nor the mortgage to him was recorded, is sufficiently accounted for. The claim of the defendant that the intestate owed him three hundred dollars, I think is surrounded by many suspicious circumstances. I strongly suspect that, had the intestate lived, no such claim would have been presented to him. Yet it may be correct, and legally as well as justly due. It is fully sworn to in the answer, and there is no evidence to disprove it. The administrator admitted it, and if it was not due, the sureties of the administrator, who has rendered no account, are liable for it.

These views of the case will, of course, compel me to order that the bill be dismissed.

But there are many circumstances that justify the widow, for herself and infant child, in this proceeding to investigate the case, and counsel in advising that course. The conduct of the defendant in not paying the mortgage, or the balance of the consideration of the property, long since due, has in some measure caused this. I shall not, therefore, order the complainants to pay costs.